ESTATE OF FRANCIS M. DONNELLY, SR., DECEASED, MARION Y. DONNELLY, EXECUTRIX, and MARION Y. DONNELLY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Donnelly v. Commissioner
Docket No. 578-80.
United States Tax Court
T.C. Memo 1982-551; 1982 Tax Ct. Memo LEXIS 185; 44 T.C.M. (CCH) 1196; T.C.M. (RIA) 82551; September 23, 1982. K. G. Seitz, for the petitioners. Kenneth P. Dale, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1976 of $5,522. The issue for decision is whether petitioners have substantiated business travel expense deductions in the amount of $25,185 in that year under the strictures of section 274(d). [1]
*186 FINDINGS OF FACT Some of the facts have been stipulated. The stipulation and the exhibits attached thereto are incorporated herein by reference. Francis M. Donnelly, Sr. ("Frank Donnelly") and Marion Y. Donnelly, husband and wife, resided at St. Petersburg, Florida, at the time the petition was filed. Frank Donnelly died after the petition was filed and his estate was substituted as a petitioner herein. During 1976, Frank Donnelly operated a sole proprietorship engaged in designing and installing exhaust systems, air scrubbers and fire protection systems for restaurants and commercial food facilities located throughout the United States. The sole proprietorship, the F.M. Donnelly Company, had its offices at Cincinnati, Ohio. During 1976, the petitioners owned a condominium in Tampa, Florida. Petitioners' son, Frank M. Donnelly, Jr. ("Bud"), and son-in-law, Loren Gard, worked as employees of the F.M. Donnelly Company in 1976. Bud was a designer and engineer. Throughout 1976, Frank Donnelly, Bud Donnelly and Loren Gard engaged in extensive travel for the company, often on an emergency basis, in connection with the installation and operation of products manufactured *187 by the company. When trips were necessary, monies generally were withdrawn from the company's checking account in advance and given to the employee to be sent on the trip. Such amounts were estimates of likely costs of transportation, food and lodging. These monies were not included in the employees' Forms W-2 as wages. At the time of such disbursements, however, debit travel expense entries were made in the amount of the disbursements on the company's books. The account books kept separate travel expense columns for Frank Donnelly, Bud Donnelly and Loren Gard and Geoff Gelke (another employee). Upon returning from a business trip, employees were requested to turn in all receipts and account for the travel monies expended. Money not spent was to be returned to the company. Bud Donnelly often did not comply with requests to turn over receipts to the company after such trips. Sometimes travel expenses were also charged on Diner's Club credit cards. Upon payment of Diner's Club bills, the appropriate travel expense column would be debited. No contemporaneous diaries of travel expenses as contemplated in section 1.274-5(c)(2), Income Tax Regs. were kept. Many receipts *188 for travel expenses, however, were preserved. The company books for 1976 record the following total travel expense disbursements: Individual(s)
Travel Disbursements
Frank Donnelly
$15,281.15
Bud Donnelly
7,758.00
Loren Gard & Geoff Gelke
2,144.83
Total
$25,183.98
Checks in the amount of $5,560.11 were written out to Bud Donnelly from the travel account in 1976. On their 1976 income tax return, petitioners deducted $25,185 as "travel, meals & lodging" expenses of the F.M. Donnelly Company. In his statutory notice of deficiency, respondent disallowed all but $4,830.29 of such travel, meals and lodging expenses. Subsequent to the issuance of the statutory notice, Frank Donnelly prepared a summary of all business trips taken in 1976. The summary indicates the business purpose of each trip, the location of each trip and the dates spanned by each trip. Specific expense items or dollar figures are not included on this summary. Also, after the issuance of the notice of deficiency Loren Gard prepared a summary of travel expenses to be read in conjunction with Frank Donnelly's summary. The dollar figures used by Gard were derived both from actual *189 receipts from 1976 still in petitioners' possession and from checks written to Bud Donnelly which Gard believed were written to give Bud travel money but for which expense receipts were not available. After examining the receipts still in petitioners' possession, respondent determined that petitioners had additional allowable travel deductions relating to trips taken by Frank Donnelly, Bud Donnelly, Loren Gard and Larry Waldrop (another employee) in the total amount of $10,320.97 in 1976. Thus, respondent concedes that a total of $15,150.97 were allowable business travel expenses in 1976. OPINION The issue is whether petitioners had deductible travel expenses in 1976 in excess of the $15,150.97 allowed by respondent. Petitioners claim that they are entitled to deduct an additional $10,034.03. Respondent has disallowed this additional amount on the grounds of lack of substantiation. See section 274(d). Section 274(d) provides that no deduction shall be allowed under section 162 for any travel expense (including meals and lodging while away from home) unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement 1) the amount *190 of each expense, 2) the time and place of the travel and 3) the business purpose of the expense. In implementing the mandate of section 274(d), respondent has promulgated regulations which, as a general rule, require the taxpayer to maintain a contemporaneous account book, diary, statement of expenses or similar record together with documentary evidence which, in combination, are sufficient to establish each element of an expenditure. Section 1.274-5(c)(2), Income Tax Regs. This, in the parlance of the regulations, is known as substantiation by "adequate records." In the event that a taxpayer lacks "adequate records" to substantiate each element of each travel expense, the regulations allow, in certain cases, substantiation by "other sufficient evidence" (section 1.274-5(c)(3), Income Tax Regs.), substantiation "in exceptional circumstances" (section 1.274-5(c)(4), Income Tax Regs.) and substantiation in cases where records are lost due to circumstances beyond the taxpayer's control (section 1.274-5(c)(5), Income Tax Regs.). In the instant case, the petitioners readily concede that as to the $10,034.03 of disputed travel expense deductions, they lack "adequate records": For *191 these deductions petitioners possess neither documentary receipts nor contemporaneous diaries showing the business purpose of each expenditure. However, petitioners argue they should still be entitled to the deductions on the grounds that they come within the rules for substantiation by other sufficient evidence, substantiation in exceptional circumstances and substantiation in cases of records lost due to circumstances beyond the taxpayer's control. We will examine each of these arguments in turn. Section 1.274-5(c)(3), Income Tax Regs. provides: (3) Substantiation by other sufficient evidence. If a taxpayer fails to establish to the satisfaction of the district director that he has substantially complied with the "adequate records" requirements of subparagraph (2) of this paragraph with respect to an element of an expenditure, then, except as otherwise provided in this paragraph, the taxpayer must establish such element-- (i) By his own statement, whether written or oral, containing specific information in detail as to such element; and (ii) By other corroborative evidence sufficient to establish such element. If such element is the description of a gift, or the *192 cost, time, place, or date of an expenditure, the corroborative evidence shall be direct evidence, such as a statement in writing or the oral testimony of persons entertained or other witness setting forth detailed information about such element, or the documentary evidence described in subparagraph (2) of this paragraph.If such element is either the business relationship to the taxpayer of persons entertained or the business purpose of an expenditure, the corroborative evidence may be circumstantial evidence. Petitioners argue that Frank Donnelly's written trip summary, corroborated by the testimony and cost summary prepared by Loren Gard, is sufficient along with petitioners' books to satisfy each element of each travel expense -- i.e., business purpose, time and place of travel and amount of such expenses -- under section 1.274-5(c)(3), Income Tax Regs. We disagree. Even assuming that Gard's testimony corroborated the written statement of Frank Donnelly, the most this written statement proved was the business purpose of each trip. It did not prove the actual amount of any particular expenditure. Petitioners' books and checks are the only evidence of amounts spent on such trips, *193 but they are clearly insufficient to establish any particular travel expenditure since they only reflect advance disbursements of funds intended to be spent for travel. [2] Lacking receipts or contemporaneous diaries, we have no way of knowing how much of these funds, if any, were actually spent on deductible items. Petitioners have simply failed to provide "direct evidence" of the cost, and even nature (i.e., food, lodging, transportation), of any of the disputed travel deductions. Gard concededly had no knowledge of the actual expenditure of any of these amounts by Bud or Frank Donnelly when they were traveling away from the main offices. See Henry Schwartz Corp. v. Commissioner,60 T.C. 728, 743 (1973). For us to estimate the likely amount of expenses *194 incurred on these trips (which we agree were actually taken) would be to readopt our approach in Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930) -- an approach Congress specifically rejected as to this type of deduction in the adoption of section 274(d). Sanford v. Commissioner,50 T.C. 823, 828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Petitioners next seek to substantiate the disputed travel items under section 1.274-5(c)(4), Income Tax Regs., which provides: (4) Substantiation in exceptional circumstances. If a taxpayer establishes that, by reason of the inherent nature of the situation in which an expenditure was made-- (i) He was unable to obtain evidence with respect to an element of the expenditure which conforms fully to the "adequate records" requirements of subparagraph (2) of this paragraph, (ii) He is unable to obtain evidence with respect to such element which conforms fully to the "other sufficient evidence" requirements of subparagraph (3) of this paragraph, and (iii) He has presented other evidence, with respect to such element, which possesses the highest degree of probative value possible *195 under the circumstances, such other evidence shall be considered to satisfy the substantiation requirements of section 274(d) and this paragraph. Petitioners argue that the emergency nature of many of these trips, coupled with the harried nature of their business in 1976, made it difficult, if not impossible, to obtain receipts for travel expenditures. We hold otherwise. Petitioners have simply failed to show that the inherent nature of each of these expenditures made the obtaining of a receipt or the contemporaneous notation of actual expenditures impossible. Petitioners do not argue that the airlines, hotels and restaurants which company employees patronized refused to provide them with receipts. Indeed, the substantial documentation petitioners have presented in connection with the no longer disputed items belies such an argument. So far as we can tell from the record, this is simply a case where certain company employees either never bothered to request receipts, discarded their receipts (in the case of airplane tickets) or did not bother to keep track of and account for their expenditures in a diary or other similar fashion to the company. This is not the sort of case *196 described within section 1.274-5(c)(4), Income Tax Regs.[3]
Finally, petitioners argue they should be relieved of the duty to precisely substantiate each element of each expenditure under section 1.274-5(c)(5), Income Tax Regs., which states: (5) Loss of records due to circumstances beyond control of the taxpayer. Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures. Petitioners contend that the death of Frank Donnelly is tantamount to a loss of records for purposes of this section. While the loss of Frank Donnelly is no doubt a great misfortune, his death is simply not the loss of "adequate records" as used in section 1.274-5(c)(5), Income Tax Regs. As we said above, petitioners never kept "adequate records" in connection with the disputed items. Since there never were adequate records in the first place, these *197 records could not have been lost due to circumstances beyond petitioners' control. Had Frank Donnelly survived, at most he could have helped petitioners' attempt to substantiate the travel expenses by "other sufficient evidence" (section 1.274-5(c)(3), Income Tax Regs.). Any testimony that Frank could have given regarding amounts actually expended, though, would in any event have had to have been corroborated by other direct evidence. There is no indication that such other direct evidence exists or has ever existed. Under these circumstances, it appears highly doubtful that petitioners would have prevailed even if Frank Donnelly had lived to testify. Were we to hold that the death of Frank Donnelly was an event which under section 1.274-5(c)(5), Income Tax Regs., relieved petitioners of the burden of establishing that travel expenditures were in fact made, and in what amount, we would be putting petitioners in a better position vis-a-vis substantiation because Frank Donnelly died than they would have been in had he lived. This we decline to do. In sum, we hold that petitioners have failed to meet the substantiation requirements of the regulations under section 274(d) in regard *198 to the items still disallowed by respondent. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect during the year at issue.↩
2. The "adequate records" regulation, we note, states that a cancelled check, together with a bill from the payee, ordinarily would establish the element of cost. In contrast, a cancelled check drawn payable to a named payee would not by itself support a business expenditure without other evidence showing that the check was used for a certain business purpose. Section 1.274-5(c)(2)(iii), Income Tax Regs.↩
3. See McKinley v. Commissioner,T.C. Memo. 1978-428↩.